SUPREME COURT OF ARIZONA
En Banc

| | |
|---|---|
| In the Matter of a<br>Suspended and Inactive<br>Member of the<br>State Bar of Arizona<br><br>ROGER A. McKEE,<br>Attorney No. 2715<br><br><br>              Respondent. | ) Arizona Supreme Court<br>) No. SB-02-0046-D<br>)<br>) Disciplinary Commission<br>) No. 00-1831<br>)<br>)<br>) **MEMORANDUM DECISION**<br>)<br>)<br>)<br>) |

ON PETITION FOR REVIEW

VACATED IN PART; APPROVED IN PART

_____

State Bar of Arizona                                      Phoenix
By   Maret Vessella
     Senior Bar Counsel
and  Ralph Adams
     Staff Bar Counsel
Attorneys for State Bar of Arizona

Fennemore Craig                                         Phoenix
By   Timothy J. Burke
Attorneys for Roger A. McKee

_____

M c G R E G O R, Vice Chief Justice

¶1      This matter began as a disciplinary proceeding against Respondent Roger A. McKee. During the course of the disciplinary hearing, the hearing officer transferred McKee to temporary disability status and set a hearing to determine whether he should be transferred to permanent disability inactive status. *See* Ariz. R. Sup. Ct. 59(b). On June 24, 2001, the hearing officer issued an amended report, effecting the transfer and assessing the costs and

expenses of the disability proceeding against Respondent, pursuant to Rule 59(b).

¶2        The State Bar did not file its statement of costs until November 10, 2001, at which time Respondent objected on the basis that the State Bar had not timely filed its statement.   In its decision of December 24, 2001, the Disciplinary Commission adopted the hearing officer's recommendation that McKee be placed on permanent disability inactive status with probation and assessed costs, pursuant to Rules 59(b), 52(a)6 and 8.

¶3        Respondent sought review to challenge the assessment of costs against him.  We agree that the State Bar failed to file a timely statement of costs.  The official note to Rule 59(e), which permits the hearing officer to assess the costs of disability proceedings, states that costs should be assessed "consistent with rule 52(a)8."  Ariz. R. Sup. Ct. 59(e), Note to 1991 Amendment. Rule 52, in turn, directs the State Bar to file its statement of costs "within seven (7) days after a hearing officer report is filed."  Ariz. R. Sup. Ct. 52(a)8.  The Bar failed to file its statement of costs within seven days and has provided no explanation for that failure.  Respondents in disciplinary and disability proceedings are entitled to receive prompt notice of the costs requested by the State Bar.  We therefore vacate the assessment of costs against McKee.

¶4        We also granted the State Bar's cross-petition for review

2

to determine whether the Disciplinary Commission's decision to adopt terms of probation, to which McKee agreed, effectively insulates McKee from any adverse consequence of disobeying the terms of probation.  We agree that, because McKee's transfer to permanent disability status stays all disciplinary matters, *see* Ariz. R. Sup. Ct. 59(b)2, the State Bar could not prosecute a violation of the terms of probation.  Moreover, imposing conditions of probation conflicts with Rule 59(b)1.C, which provides that orders of transfer to disability status "may include *conditions of conduct* in the nature of probation . . . ."  Ariz. R. Sup. Ct. 59(b)1.C (emphasis added).  We therefore re-designate the terms of probation imposed by the Disciplinary Commission and order that the conditions set forth as terms of probation become effective as conditions of conduct, pursuant to Rule 59(b).  If Respondent fails to comply with the Order of this court imposing those conditions of conduct, he can be held in contempt of court in appropriate proceedings.

¶5      We approve the remainder of the December 24, 2001 Disciplinary Commission Report.


_____
Ruth V. McGregor, Vice Chief Justice


3

CONCURRING:

_____
Charles E. Jones, Chief Justice


_____
Stanley G. Feldman, Justice


_____
Rebecca White Berch, Justice